RICHARD L HOLCOMB (HI Bar No. 9177)
JUSTIN A. BRACKETT (HI Bar No. 9954)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI  96813
Telephone: (808) 545-4040
Email: rholcomblaw@live.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELOIS CHIN,<br><br>        Plaintiff,<br><br>    vs.<br><br>UNITED COLLECTION BUREAU, INC.<br><br>LEADING EDGE RECOVERY SOLUTIONS, LLC., and<br><br>PYOD LLC,<br><br>        Defendants. | CASE NO._14-CV-404_____<br><br><br>COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, EXHIBITS ONE THROUGH SEVEN, and VERIFICATION<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

## <u>INTRODUCTION</u>

1.    This is an action for damages against the Defendants for violations of the

[1]

Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

## JURISDICTION

2.      Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 (federal question jurisdiction).

3.      This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") by all Defendants, in their illegal efforts to collect consumer debts.

4.      Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

5.      Plaintiff, Elois Chin (hereinafter referred to as "Plaintiff" and/or "Ms. Chin") is a resident of this State, District and Division who is authorized by law to bring this action.

6.      Defendant United Collection Bureau, Inc. (hereinafter "Defendant UCB" or "UCB") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Ohio, and maintains CSC Services of Hawaii, Inc., 1600 Pauahi Tower, 1003 Bishop Street, Honolulu, HI 96813, as its registered agent for service of process.

7.      Defendant Leading Edge Recovery Solutions, LLC (hereinafter "Defendant

Leading Edge" or "Leading Edge") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Illinois, and maintains National Corporate Research, LT, 520 South 2nd Street, Suite 403, Springfield, IL 62701, as its registered agent for service of process.

8.     Defendant PYOD, LLC (hereinafter "Defendant PYOD" or "PYOD") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation located in Nevada, and maintains CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, NV 89119, as its registered agent for service of process.

9.     Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## **FACTUAL ALLEGATIONS**

10.     Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and this debt is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). More specifically, this debt is a credit card debt originally owed to or serviced by Plains Commerce Bank.

11.     Defendants use mail in their businesses.

12.     Defendants use telephone communications in its business.

13.     The primary purpose of all Defendants' businesses is the collection of debts.

14.     Defendants regularly collect, or attempt to collect, debts owed, or due, or asserted to be owed or due to another.

15.     Defendants are all debt collectors subject to the provisions of the Fair Debt Collection Practices Act.

### *April 8, 2013 Collection Letter from Leading Edge*

16.     Ms. Chin has received letters attempting to collect the purported debt from Leading Edge.

17.     On April 8, 2013 Leading Edge send a letter to Ms. Chin demanding $9,326.91 for the Plains Commerce Bank account ending in 3858. See attached **Exhibit One**.

18.     The letter identifies "PYOD LLC" as the "Current Creditor" and assigns a new account number of 19902212 to the account. See **Exhibit One**.

19.     Despite the letter's claims that the "Current Creditor" is PYOD LLC in two separate places, it demands checks be made payable to Leading Edge and mailed to Leading Edge. See **Exhibit One**.

## *September 13, 2013 Collection Letter from UCB*

20.     Ms. Chin received a letter attempting to collect the purported debt from Defendant UCB that was dated September 13, 2013.

21.     This September 13, 2013 collection letter asserts:  "This account has been placed with our office for collection.  Please pay in full to our office or call for arrangements." See attached **Exhibit Two**.

22.     This September 13, 2013 collection letter demands the amount of $9,694.05 for the Plains Commerce Bank account ending in 3858. See **Exhibit Two**.

23.     The letter identifies "PYOD LLC" as the "Current Creditor" and then goes on to say that PYOD LLC is the "Current Creditor-Debt Purchaser". See **Exhibit Two**.

24.     In spite of the letter's claims that the "Current Creditor" is PYOD LLC, it demands checks be made payable to UCB and mailed to UCB. See **Exhibit Two**.

25.     The September 13, 2013 collection letter asserts that:  "As of the date of this letter, you owe the above referenced balance.  Because of interest charges that may vary from day to day, the amount due on the day you pay may be greater." See **Exhibit Two**.

26.     Ms. Chin disputes that her original contract with Plains Commerce Bank allowed for "interest charges that may vary from day to day."

## *January 8, 2014 Collection Letter from Leading Edge*

27.　On January 8, 2014 Leading Edge sent a second letter to Ms. Chin.

28.　The January 8, 2014 collection letter explains:  "Your delinquent PLAINS COMMERCE BANK account has been placed with our company for collections.  We have been authorized to collect the outstanding amount owed." See **Exhibit Three**.

29.　The January 8, 2014 collection letter goes on to demand $9,984.19 for the Plains Commerce Bank account ending in 3858. See attached **Exhibit Three**.

30.　The letter identifies "PYOD LLC" as the "Current Creditor" and assigns a new account number of 19902212 to the account. See **Exhibit Three**.

31.　Despite the letter's assertion that the "Current Creditor" is PYOD LLC, it demands checks be made payable to Leading Edge and mailed to Leading Edge. See **Exhibit Three**.

32.　The January 8, 2014 collection letter asserts:

> As of the date of this letter, you owe $9,984.19.  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check....

See **Exhibit Three**.

33.　Ms. Chin disputes that her original contract with Plains Commerce Bank allowed for "interest, late charges, and other charges that may vary from day to day."

34.    Attached to the January 8, 2014 collection letter is a page titled "PRIVACY NOTICE". See **Exhibit Three**.

35.    In the same envelope as the collection letter was a second document on Defendant titled "**PRIVACY NOTICE**" and stated that it was being given on behalf of the "Sherman Companies" and their affiliates (hereinafter "the Privacy Notice"). (emphasis in original)

36.    The Privacy Notice was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

37.    Defendant Leading Edge's Privacy Notice contains the following statements in pertinent part:

> **Information We May Collect**.  The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies,

[ 7 ]

such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".   (Bold and underline in original) (emphasis added)

. . .

**Sharing Collected Information with Affiliates**

From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts. (Bold and underline in original) (emphasis added)

**Exhibit Three**.

38.    The FDCPA forbids a debt collector from discussing a consumer's debt with any third parties except under limited circumstances not present here.

**_Undated Collection Letter from Leading Edge_**

39.     Ms. Chin received a letter attempting to collect the purported debt from Leading Edge that was not dated.

40.     This undated letter from Leading Edge demands the amount of $10,060.41 for the Plains Commerce Bank account ending in 3858. See attached **Exhibit Four**.

41.     The letter identifies "PYOD LLC" as the "Current Creditor" and assigns a new account number of 19902212 to the account. See **Exhibit Four**.

42.     Despite the letter's claims that the "Current Creditor" is PYOD LLC in two separate places, it demands checks be made payable to Leading Edge and mailed to Leading Edge. See **Exhibit Four**.

### *March 21, 2014 Collection Letter from Leading Edge*

43.     Ms. Chin received another letter from Leading Edge dated March 21, 2014.  See attached **Exhibit Five**.

44.     The March 21, 2014 letter from Leading Edge asserted a new amount due of $10,153.85 on the Plains Commerce Bank account ending in 3858. See **Exhibit Five**.

45.     The March 21, 2014 letter identifies "PYOD LLC" as the "Current Creditor" and again asserts the account has a new account number of 19902212. See **Exhibit Five**.

46.     Despite the letter's claims that the "Current Creditor" is PYOD LLC in two separate places, it demands checks be made payable to Leading Edge and mailed to Leading Edge. See **Exhibit Five**.

47.     The March 21, 2014 letter from Leading Edge also does not inform Ms. Chin of her rights pursuant to 15 U.S.C. §1592g. See **Exhibit Five**.

### *April 17, 2014 Collection Letter from Leading Edge*

48.     Ms. Chin received another letter from Leading Edge dated April 17, 2014. See attached **Exhibit Six**.

49.     The April 17, 2014 letter from Leading Edge asserted a new amount due of $10,217.78 on the Plains Commerce Bank account ending in 3858. See **Exhibit Six**.

50.     The April 17, 2014 letter identifies "PYOD LLC" as the "Current Creditor" and again asserts the account has a new account number of 19902212. See **Exhibit Six**.

51.     Despite the letter's claims that the "Current Creditor" is PYOD LLC in two separate places, it demands checks be made payable to Leading Edge and mailed to Leading Edge. See **Exhibit Six**.

### *May 15, 2014 Collection Letter from Leading Edge*

52.     Ms. Chin received yet another letter from Leading Edge, dated May 15, 2014.  See attached **Exhibit Seven**.

53.     The May 15, 2014 letter from Leading Edge asserted a new amount due of $10,286.62 on the Plains Commerce Bank account ending in 3858. See **Exhibit Seven**.

54.     The May 15, 2014 letter identifies "PYOD LLC" as the "Current Creditor" and again asserts the account has a new account number of 19902212. See **Exhibit Seven**.

55.     Despite the letter's claims that the "Current Creditor" is PYOD LLC in two separate places, it demands checks be made payable to Leading Edge and mailed to Leading Edge. See **Exhibit Seven**.

## CAUSES OF ACTION

### *CAUSE OF ACTION NUMBER ONE:*
### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

### FIRST VIOLATION OF
### THE FAIR DEBT COLLECTION PRACTICES ACT:
### FALSE OR MISLEADING REPRESENTATIONS

56.     The acts of Defendants constitute violations of the Fair Debt Collection Practices Act.  Defendants violations of the FDCPA include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, which is a violation of 15 U.S.C. § 1692e.

57.     The letters from Leading Edge and UCB demand odd amounts, *i.e.*, $9,326.91 as of April 8, 2013, and $9,694.05 as of September 16, 2013, demonstrating a rate of interest of 8.924% being applied to the account.

58.    Confusion ensues when Leading Edge increases the demanded amount to $9,984.19 as of January 8, 2014, demonstrating the rate of interest has now changed to 9.583% for the time period from September 16, 2013 to January 8, 2014.

59.    The confusion continues where Leading Edge demands $10,153.85 on March 21, 2014, from Ms. Chin and she is confused as to how Leading Edge calculated the amount owed and what authority they have to demand an unfamiliar amount of interest, *i.e.*, 8.614%, from January 8, 2014 to March 21, 2014.

60.    The letters from Leading Edge become even more peculiar wherein the rate of interest being applied to the account decreases to 8.511% from March 21, 2014 to April 17, 2014 when the amount demanded from Ms. Chin increased only from $10,153.85 to $10,217.78.

61.    Moreover, the rate of interest changed again to 8.783% between April 17, 2014 to May 15, 2014 when Leading Edge increased the balance from $10,217.78 as of April 17, 2014 to $10,286.62 as of May 15, 2014.

62.    A calculation of the time passed and the amounts demanded demonstrates that Defendant Midland added interest at an annual percentage rates of 8.924% from April 8, 2013 to September 16, 2013, 9.583% from September 16, 2013 to January 8, 2014, 8.614% from January 8, 2014 to March 21, 2014, 8.511% from March 21, 2014 to April 17, 2014, and 8.783% between April 17, 2014 to May 15, 2014.

63.     Ms. Chin asserts that none of these rates of interest were the correct contractual rate of interest on her Plains Commerce Bank account ending in 3858.

64.     A calculation of the time between the letters and the amounts demanded in the letters shows that an unknown rate of interest and/or fees is being applied by Defendants.  This makes the balance increase at a rate that does not comply with the terms of the initial contract.

65.     By assigning different account balances and an unknown rate of interest to the underlying account, Defendants have confused Ms. Chin as to what amount of money she owes on this account.

66.     By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendants have confused Ms. Chin as to what amount of money she owes on this account.

67.     The letters from Defendants demand very odd amounts from Ms. Chin and she is confused as to how Defendants calculated said amounts and what authority they have to demand an unfamiliar amount of interest.

68.     Defendants never state the amount of interest being applied to the account in any of their correspondences.

69.     The September 13, 2013 collection letter from Defendant UCB asserts: "As of the date of this letter, you owe the above referenced balance.  Because of

interest charges that may **vary from day to day**, the amount due on the day you pay may be greater." See **Exhibit Two**. (emphasis added).

70.     Ms. Chin disputes that her original contract with Plains Commerce Bank allowed for "interest charges that may vary from day to day."

71.     Ms. Chin alleges that Defendant UCB never reviewed her original contract with Plains Commerce Bank, thus Defendant UCB had no authority whatsoever to charge rates of interest that "vary from day to day."

72.     Furthermore, by asserting in each of its letters that the "Current Creditor" is PYOD LLC, but demanding payments be sent to Leading Edge at its address, Defendant Leading Edge has confused the least sophisticated consumer as to what company Ms. Chin allegedly owes the money.

73.     By changing who is collecting the debt, Defendants did mislead Ms. Chin as to who she owes for the Plains Commerce Bank account.

74.     By asserting in its letters that the "Current Creditor" is PYOD LLC, but demanding payments be sent to Defendant Leading Edge at its address, Defendant Leading Edge has mislead the least sophisticated consumer as to which company she owes the money.

75.     The letters from Defendant Leading Edge assign an account number of 19902212. See **Exhibits One, Three, Four, Five, Six, and Seven**.  Ms. Chin asserts

this was never the account number for her Plains Commerce Bank account and she is confused as to which account Defendant Leading Edge is collecting.

76.     By repeatedly changing the account number, Defendants did mislead and confuse Ms. Chin as to which account they were collecting.

## THIRD VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT:
## <u>FALSE OR MISLEADING REPRESENTATIONS</u>

77.     The acts of Defendants constitute violations of the Fair Debt Collection Practices Act.  Defendants' violations of the FDCPA include, but are not limited to, the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, which is a violation of 15 U.S.C. §1692e(2).

78.     The actual amount of the alleged debt is certainly in question.  It is overly confusing as to what amount is owed on this account since the amount of $9,326.91 is demanded as of April 8, 2013; the amount increases to $9,694.05 as of September 13, 2013 according to Defendant UCB; the amount again increases to $9,984.19  as of January 8, 2014 according to Defendant Leading Edge; the amount again increases to $10,153.85 as of March 21, 2014 according to Defendant Leading Edge; then the amount demanded increases to $10,217.78 as of April 17, 2014 per Defendant Leading Edge; and finally Defendant Leading Edge mysteriously increases the balance again to $10,286.62 as of May 15, 2014.

79.     By demanding amounts that increase by irregular rates of interest, Defendants have confused Ms. Chin as to what amount of money, if any, she owes on this account.

80.     Ms. Chin asserts that the changing balances demanded by Defendants demonstrate that Defendants have no knowledge of the correct amount owed, if any. Further, Defendants are attempting to keep Ms. Chin confused as to the amount owed so that if she were to make payments on this account she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

## FOURTH VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT:
## UNFAIR PRACTICES

81.     The acts of Defendants constitute violations of the Fair Debt Collection Practices Act.  Defendants' violations of the FDCPA include, but are not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, which is a violation of 15 U.S.C. §1692f(1).

82.     The amounts sought by Defendants in their various communications include rates of interest and various fees not expressly authorized by the agreement creating the debt or permitted by law, and thus were in direct violation of 15 U.S.C. §

[16]

1692f(1).

83.     The letters from Defendants assert that different balances are owed, each greater than that originally demanded, and after calculating the time that had passed between letters and the change in the amount owed it is obvious the interest and fees charged were not applied consistently, and thus could not be in compliance with the original agreement creating the debt.

84.     Ms. Chin asserts her contractual rate of interest was never the amount of 8.924%, which is the rate applied to the account by Defendant UCB for the time period between April 8, 2013 and September 16, 2013.

85.     Ms. Chin asserts her contractual rate of interest was never the amount of 9.583%, which is the rate applied to the account by Defendant Leading Edge for the time period between September 16, 2013 and January 8, 2014.

86.     Ms. Chin asserts her contractual rate of interest was never the amount of 8.614%, which is the rate applied to the account by Defendant Leading Edge for the time period from January 8, 2014 to March 21, 2014.

87.     Ms. Chin asserts her contractual rate of interest was never the amount of 8.511%, which is the rate applied to the account by Defendant Leading Edge for the time period from March 21, 2014 to April 17, 2014.

88.     Ms. Chin asserts her contractual rate of interest was never the amount of

8.783%, is the rate applied to the account by Defendant Leading Edge for the time period from April 17, 2014 to May 15, 2014.

89.    Defendants are demanding rates of interest that are not authorized by the agreement creating the debt or permitted by law.

90.    The September 13, 2013 collection letter from Defendant UCB asserts: "As of the date of this letter, you owe the above referenced balance.  Because of interest charges that may **vary from day to day**, the amount due on the day you pay may be greater." See **Exhibit Two**. (emphasis added).

91.    Ms. Chin disputes that her original contract with Plains Commerce Bank allowed for "interest charges that may vary from day to day", and demands strict proof thereof.

92.    Defendant UCB never reviewed her original contract with Plains Commerce Bank, thus Defendant UCB had no authority whatsoever to charge rates of interest that "vary from day to day."

93.    The amounts sought by Defendants in their various communications include rates of interest and various fees not expressly authorized by the agreement creating the debt or permitted by law, and thus were demands in direct violation of 15 U.S.C. § 1692f(1).

**FIFTH VIOLATION OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT:**

## DISCLOSURES TO THIRD PARTIES IN VIOLATION OF 15 U.S.C. § 1692c

94.     Without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, a debt collector's communication with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, in connection with the collection of any debt is a violation of 15 U.S.C. § 1692c(b).

95.     The FDCPA forbids a debt collector from discussing a consumer's debt with any third parties except under limited circumstances not present here.

96.     For that reason, without the prior consent of the consumer given directly to the Defendants, they may not communicate with any other person in connection with the collection of the debt, except Plaintiff, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, other than for the purpose of acquiring "location information".

97.     Defendant Leading Edge communicated with at least one separate third party entity:  Defendant PYOD.

98.     Upon information and belief, Defendant Leading Edge also communicated with various entities including Resurgent Capital Services, L.P., Sherman Acquisitions, L.L.C., Resurgent Capital Services PR LLC, LVNV Funding, LLC, Anson Street, LLC,

[19]

Ashley Funding Services, LLC, and SFG REO, LLC.

99.   These third party disclosures were violations of 15 U.S.C. § 1692c(b).

100.   When Defendant Leading Edge made the disclosures and/or threatened to make disclosures, Defendant Leading Edge was already aware of all three items of information that are included in the definition of "location information" – where Ms. Chin lived, her telephone number, and her place of employment.

101.   The statement that Defendant Leading Edge communicates with other parties outside of the parties enumerated under the FDCPA is misleading and deceptive.

102.   It misleads the least sophisticated consumer into believing that third parties may be contacted and asked to provide information concerning the Plaintiff other than "location information", when the FDCPA forbids such third party contact.

103.   This conduct and these communications mislead the least sophisticated consumer into believing that Defendant Leading Edge may provide and/or contact third parties to seek "nonpublic personal information", including the fact that Plaintiff owes a debt to Defendant Leading Edge, when the FDCPA forbids such disclosure.

104.   Any procedures maintained (i.e., actually employed or implemented) by Defendant Leading Edge to avoid errors under the FDCPA failed to avoid sending misleading communications to Ms. Chin regarding Defendant Leading Edge's ability to communicate with third parties outside the list enumerated by the FDCPA when they

were already aware of all three items of information that are included in the definition of "location information".

105.   If false, the statement that Defendant Leading Edge communicates, in connection with collection of the debt, with third parties outside of the parties enumerated under the FDCPA in violation of 15 U.S.C. §§ 1692b(1), 1692b(2), and 1692c(b), is misleading and deceptive in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

106.   If true, the third party contact is patently unlawful.

107.   Ms. Chin alleges that Defendant Leading Edge has shared his private information with other third parties as it is Defendant Leading Edge's standard operating procedure.

108.   This irresponsible sharing of private information to third parties in connection with the collection of any debt is a blatant violation of 15 U.S.C. § 1692c(b).

### SIXTH VIOLATION OF THE
### FAIR DEBT COLLECTION PRACTICES ACT:
### DISCLOSURES TO THIRD PARTIES IN VIOLATION OF 15 U.S.C. § 1692b

109.   The acts of Defendants constitute multiple violations of the FDCPA. Violations by Defendants of the FDCPA include, but are not limited to, the following:

Communicating with any person other than the consumer for any purpose other than the acquisition of location information about the consumer, which is a violation of 15 U.S.C. §§ 1692b(1), 1692b(2), etc....

110.   Defendant PYOD, LLC, a debt collector and alleged owner of the account, communicated with a third party, Defendant Leading Edge, about the collection of this account from Ms. Chin.

111.   Consequently, Defendant PYOD communicated with a third party, Defendant Leading Edge, when attempting to collect a debt from Ms. Chin.  The FDCPA forbids a debt collector from communicating with any third parties except under limited circumstances not present here.

112.   Defendant PYOD, LLC was not communicating with Defendant Leading Edge in an attempt to confirm or correct Ms. Chin's location information.

113.   Without the prior consent of the consumer given directly to the debt collector, it may not communicate with any other person in connection with the collection of the debt, except Ms. Chin, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, other than for the purpose of acquiring "location information".

114.   Defendant Leading Edge is a third party who is not the original creditor or a consumer reporting agency and Defendant PYOD, LLC should not have been

communicating Ms. Chin's private financial information to this third party.

115.   PYOD, LLC is a debt collector who has the means of collecting its own debts.  It easily could have collected the debt on its own behalf without sharing Ms. Chin's personal information with Defendant Leading Edge.

116.   The sharing of Ms. Chin's private financial information with Defendant Leading Edge was unnecessary and a violation of 15 U.S.C. §§ 1692b(1), 1692b(2), etc....

### CAUSE OF ACTION NUMBER TWO: VIOLATIONS OF THE HAWAI'I REVISED STATUTES

### FIRST VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE OR MISLEADING REPRESENTATIONS

117.   The acts of Defendants constitute violations of the Hawai'i Revised Statutes.  Violations include, but are not limited to, any false representation or implication of the character, extent, or amount of a claim against a debtor or alleged debtor, or of its status in any legal proceeding.  Such conduct is a violation of Haw. Rev. Stat. §  443B-18(5).

118.   The underlying debt is disputed.

119.   The letters from Defendants demand odd amounts from Ms. Chin and she asserts they have demanded unfamiliar and inconsistent rates of interest and/or fees.

120.   The amounts demanded by Defendants increased from $9,326.91 on April

8, 2013 to $9,694.05 on September 13, 2013; increase again to $9,984.19 as of January 8, 2014; increase again to $10,153.85 on March 21, 2014; increase again to $10,217.78 as of April 17, 2014, and then increase again to $10,286.62 as of May 15, 2014.

121.   A calculation of the time between the letters and the amounts demanded in the letters shows that an unknown rate of interest and/or fees were being applied to the account.

122.   A calculation of the time between the letters and the amounts demanded in the letters shows that the balance demanded increases at a rate that does not comply with the terms of the initial contract.

123.   By assigning different account balances and an unknown rates of interest to the underlying account, Defendants have made one or more false representations or implications of the character, extent, or amount of money Ms. Chin owes on this account.

124.   A calculation of the time passed and the amounts demanded demonstrates that Defendants added interest at annual percentage rates of 8.924%, 9.583%, 8.614%, 8.511%, and 8.783% which are not the contractual rate of interest.

125.   By assigning different account balances and interest rates to the same account, none of which are the applicable contractual rate of interest, Defendants have made one or more false representations or implications of the character, extent, or

amount of money Ms. Chin owes.

126.   Defendants never state the amount of interest being applied to the account in any of their correspondences.

127.   The letters from Defendants demand very odd amounts from Ms. Chin and she is confused as to how Defendants calculated said amounts and what authority they have to demand unfamiliar rates of interest.

128.   By attempting to collect unknown and unauthorized amounts through false and deceptive communications, Defendants have deceived and/or misled Ms. Chin as to what amount of money she owes on this account.

## SECOND VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE OR MISLEADING REPRESENTATIONS

129.   Any representation that an existing obligation of the debtor or alleged debtor may be increased by the addition of attorney's fees, investigation fees, service fees, and any other fees or charges when in fact the fees or charges may not legally be added to the existing obligations violates Haw. Rev. Stat. § 443B-18(8).

130.   Upon information and belief, Ms. Chin asserts that Defendants did not have authority to impose additional fees on the originating account.

131.   Defendants' collection of additional fees or charges are collection attempts for amounts not expressly authorized by the agreement or permitted by law.

132.   By adding interest, fees, or other charges which the original contract did

not allow, Defendants added fees or charges that may not legally be added to the existing obligation, and thus violated Haw. Rev. Stat. §  443B-18(8).

## THIRD VIOLATION OF THE HAWAI'I REVISED STATUTES:
## THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

133.   The acts of Defendants constitute violations of the Hawai'i Revised Statutes.  Violations include, but are not limited to, the collection of or the attempt to collect any interest or other charge, fee, or expense incidental to the principal obligation unless the interest or incidental fee, charge, or expense is expressly authorized by the agreement creating the obligation and legally chargeable to the debtor or alleged debtor; or unless the interest or incidental fee, charge, or expense is expressly authorized by law.  Such conduct violates Haw. Rev. Stat. §  443B-19(2).

134.   Upon information and belief, Ms. Chin asserts that Defendant Leading Edge did not have authority to impose additional fees on the originating account.

135.   By assessing unwarranted interest, fees or charges, Defendants have demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

136.   Defendants' collection of additional fees are collection attempts for amounts not expressly authorized by the agreement.

137.   A calculation of the time passed and the amount demanded demonstrates that Defendants added interest at annual percentage rates of 8.924%, 9.583%, 8.614%,

8.511%, and 8.783%, none of which is the contractual rate of interest.

138.   By assigning varying account balances and interest rates to the same account, none of which comply with the applicable contract rate of interest, Defendants have made a false representation or implication of the character, extent, or amount of money Ms. Chin owes.

139.   The letters from Defendants demand very odd amounts from Ms. Chin and she is confused as to how Defendants calculated said amounts and what authority they have to demand an unfamiliar rate of interest.

## FOURTH VIOLATION OF THE HAWAI'I REVISED STATUTES:
## THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

140.   Violations Hawai'i Revised Statutes include, but are not limited to, the collection of or the attempt to collect from a debtor or alleged debtor all or any part of the collection agency's fees or charges for services rendered.   Such conduct is a violation of Haw. Rev. Stat. §  443B-19(3).

141.   Upon information and belief, Ms. Chin asserts that Defendants did not have authority to impose additional fees on the originating account.

142.   Defendants are attempting to collect its collection agency fees or charges for services rendered, and is thus violating Haw. Rev. Stat. § 443B-19.


## FIFTH VIOLATION OF THE HAWAI'I REVISED STATUTES:

## THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

143.   The collection of or the attempt to collect any interest or other charge, fee, or expense incidental to the principal obligation unless the interest or incidental fee, charge, or expense is expressly authorized by the agreement creating the obligation and legally chargeable to the debtor or alleged debtor; or unless the interest or incidental fee, charge, or expense is expressly authorized by law is a violation of Haw. Rev. Stat. § 443B-19(4).

144.   The amounts demanded by Defendants increased from $9,326.91 on April 8, 2013, increased again to $9,694.05 as of September 13, 2013, increased again to $9,984.19 as of January 8, 2014, increased again to $10,153.85 on March 21, 2014, increased again to $10,217.78 on April 17, 2014, and then increased yet again to $10,286.62 as of May 15, 2014.

145.   A calculation of the time between the letters and the amounts demanded in the letters shows that the balance increased at rates that do not comply with the terms of the initial contract.

146.   A calculation of the time passed and the amount demanded demonstrates that Defendants are adding interest at annual percentage rates of 8.924%, 9.583%, 8.614%, 8.511%, and 8.783%, none of which is the contractual rate of interest.

## SIXTH VIOLATION OF THE HAWAI'I REVISED STATUTES:
## FALSE REPRESENTATIONS AND
## THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

147.   Section 443B-18 of the Hawai'i Revised Statutes requires debt collectors to "disclose clearly the name and full business address of the person to whom the claim has been assigned for collection or to whom the claim is owed at the time of making any demand for money" and prohibits "the use of any company name other than the true name of the collection agency."

148.   By asserting, in all of its letter, that the "Current Creditor" is PYOD LLC, but demanding payments be sent to Defendant Leading Edge and/or Defendant UCB at their addresses, Defendants have violated Section 443B-18 of the Hawai'i Revised Statutes.

149.   By changing who is collecting the debt, Defendants did mislead and confuse Ms. Chin as to who she owes for the Plains Commerce Bank account.

150.   Defendants used names other than their own to attempt to collect from Ms. Chin.

### CAUSE OF ACTION NUMBER THREE:
### INTRUSIONS UPON PLAINTIFF'S SECLUSION
### AND VIOLATIONS OF HER RIGHT TO PRIVACY

151.   Ms. Chin never consented to Defendants contacting third parties.

152.   Ms. Chin is concerned as to why Defendants are communicating her

private, privileged, and exceptionally personal financial information to third parties.

153.   Defendants violated Ms. Chin's right to privacy and committed an intrusion upon her seclusion when they communicated her personal information to third parties without first obtaining her express written consent to do so.

154.   Defendants intruded upon Ms. Chin's seclusion by relaying her personal information to third party debt collectors.

155.   Ms. Chin is extremely agitated and distressed over Defendants' sharing of her private personal and financial information with third parties.

156.   Ms. Chin has sustained actual damages as a result of Defendants' conduct, including but not limited to, the time and expense she has spent in addressing these violations.

### *Summary*

157.   The above-detailed conduct by Defendants and its agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA and Hawai'i Revised Statutes including, but not limited to the above-cited provisions.

158.   As a result of Defendants' actions, Ms. Chin is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

### *Respondeat Superior Liability*

159.   In addition to their individual liability under the FDCPA, the acts and omissions of Defendants Leading Edge and UCB as agents for the Defendant PYOD were committed within the time and space limits of their agency relationship its principal, Defendant PYOD.

160.   The acts and omissions by Defendants Leading Edge and UCB were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant PYOD in collecting consumer debts.

161.   By committing these acts and omissions against Plaintiff, Defendants Leading Edge and UCB were motivated to benefit its principal, Defendant PYOD.

162.   Defendant PYOD is therefore liable to Plaintiff through the Doctrine of Respondeat Superior, for the intentional and negligent acts, errors, and omissions done in violation of federal law by the debt collectors employed as agents by Defendants Leading Edge and UCB during their attempts to collect the debt from Plaintiff.

## **TRIAL BY JURY**

163.   Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against any or all Defendants and in favor of the Plaintiff as follows:

a)   Declaratory judgment that any or all Defendants violated Ms. Chin's rights under the Fair Debt Collection Practices Act;

b)   Declaratory judgment that any or all Defendants violated Ms. Chin's rights under the Hawai'i Revised Statutes;

c)   That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every defendant in an amount to be determined at a trial by a jury;

d)   That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

e)   That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

f)   That Plaintiff be awarded actual damages pursuant to Haw. Rev. Stat. § 480-13 in an amount to be determined by a jury at trial;

g)   That Plaintiff be awarded statutory damages of not less than $1,000.00 pursuant to Haw. Rev. Stat. § 480-13;

h)      That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to Haw. Rev. Stat. § 480-13;

i)      That the Court declare all defenses raised by Defendant to be insufficient; and

j)      Such other and further relief, including injunctive relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

Respectfully submitted this the 8th day of September, 2014.

*/s/ Justin A. Brackett*
Richard L. Holcomb, #9177
Justin A. Brackett, #9954
Holcomb Law, LLLC
Attorneys for Plaintiff
1136 Union Mall, Suite 808
Honolulu, TN 96813
(808) 545-4040
rholcomblaw@live.com